# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## JUDGE PHILIP A. BRIMMER

## COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: July 31, 2015 |
| Court Reporter: Janet Coppock | Time: one hour and 6 minutes |
| Probation Officer: Kyla Hamilton | Interpreter: n/a |

**CASE NO.  14-CR-00169-PAB-6**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Jaime Pena |
| Plaintiff, | |
| vs. | |
| **6.  KENNETH CHASTAIN,** | Siddhartha Rathod |
| Defendant. | |

## SENTENCING

**10:12 a.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.   Defendant is present and in custody.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Page Two
14-CR-00169-PAB-6
July 31, 2015

Argument by Mr. Rathod in support of the defendant's Motion for Non-Guideline Sentence and comments addressing sentencing.

Argument by Mr. Pena in support of the Government's Motion for Downward Departure Pursuant to 5K1.1 and comments addressing sentencing.

Further argument by Mr. Rathod.

Defendant addresses the Court.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Defendant'S Motion for Non-Guideline Sentence [Docket No. 666], is **GRANTED**, as orally modified on the record.

**ORDERED:** Government's Motion for Downward Departure Pursuant to 5K1.1 [Docket No. 646], is **GRANTED**.

Defendant entered his plea on **March 26, 2015** to count **One of the Indictment.**

**ORDERED:** Defendant's Plea Agreement is **ACCEPTED.**

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:** Defendant shall be **imprisoned** for **60 days.**

Court RECOMMENDS that defendant receive credit for **46** days spent in custody.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years.

**ORDERED: Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.

Page Three
14-CR-00169-PAB-6
July 31, 2015

- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- ( ) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release:
- (**X**) The defendant shall not work or engage in any activities involving the use, production, or distribution of synthetic marijuana.
- (**X**) All employment for the defendant shall be approved in advance by the supervising probation officer.
- (**X**) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer.
- (**X**) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
- (**X**) The defendant shall reside in a Residential Reentry Center (RRC) for a period of up to **120 days**, to commence upon the defendant's release from custody. He shall observe the rules of that facility.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Government's Motion Regarding Acceptance of Responsibility as to Kenneth Chastain [Docket No. 645], is **GRANTED.**

**ORDERED:** Government's Motion to Dismiss the Indictment is **GRANTED.**

Page Four
14-CR-00169-PAB-6
July 31, 2015

**ORDERED:** Defendant advised of right to appeal. To the extent to which the defendant has waived some appellate rights, he is directed to consult with the plea agreement and his attorney. Any notice of appeal must be filed within 14 days from entry of judgment.

**ORDERED:** A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**11:18 a.m.    COURT IN RECESS**

**Total in court time:    66 minutes**

**Hearing concluded**